IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
DANIEL ABRAHAMOV, on behalf of
himself and all others similarly situated,

                                               COURT FILE NO. 1:17-cv-07570-PKC-PK

                Plaintiff,

v.

MRS BPO, LLC,

                Defendant.

---------------------------------------------------------X

## ANSWER OF MRS BPO, LLC

Defendant MRS BPO, LLC ("MRS"), as and for its Answer to the Complaint ("Complaint") of Plaintiff Daniel Abrahamov ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, MRS admits that Plaintiff purports to quote portions of the FDCPA. MRS denies that it violated any law.

2. In response to paragraph 2 of Plaintiff's Complaint, MRS admits that Plaintiff purports to paraphrase and quote portions of the FDCPA. MRS denies that it violated any law.

3. In response to paragraph 3 of Plaintiff's Complaint, MRS denies that jurisdiction before this Court is proper as there has been no violation of law and there is no actual, concrete injury in fact.

4. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. In response to paragraph 5 of Plaintiff's Complaint, MRS admits that Plaintiff brings this matter alleging violations of the FDCPA, but denies that it violated any law.

6. MRS denies the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. In response to paragraph 7 of Plaintiff's Complaint, MRS admits that Plaintiff seeks the relief set forth, but denies that Plaintiff is entitled to any such relief.

8. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. MRS admits the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. MRS admits the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. In response to paragraph 11 of Plaintiff's Complaint, MRS states that while at times it may be deemed a debt collector as that term is defined by the FDCPA, it has insufficient information and knowledge to either admit or deny that it was a debt collector in regard to Plaintiff and this matter.

12. In response to paragraph 12 of Plaintiff's Complaint, MRS admits that Plaintiff purports to bring this matter as a class, but denies that any class exists.

13. MRS denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. MRS adopts by reference all prior paragraphs as though fully set forth herein.

15. MRS admits the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. MRS admits that it sent a letter to Plaintiff to collect an amount owing, but has insufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. MRS admits the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. In response to paragraph 20 of Plaintiff's Complaint, MRS states that the letter speaks for itself.

21. MRS denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. MRS adopts by reference all prior paragraphs as though fully set forth herein.

23. In response to paragraph 23 of Plaintiff's Complaint, MRS admits that Plaintiff purports to paraphrase the referenced statutory section.

24. In response to paragraph 24 of Plaintiff's Complaint, MRS admits that Plaintiff purports to paraphrase the referenced statutory section.

25. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. MRS denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. In response to paragraph 31 of Plaintiff's Complaint, MRS states that the letter speaks for itself.

32. MRS denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. MRS denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff suffered no damage from the alleged violations of the Fair Debt Collection Practices Act by MRS, which MRS denies, and therefore is not entitled to any award of damages, attorney fees or costs.

### THIRD DEFENSE

All of MRS' actions have been in accordance with the Fair Debt Collection Practices Act.

### FOURTH DEFENSE

Any violation of the Fair Debt Collection Practices Act by MRS, which MRS denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MRS.

## SIXTH DEFENSE

MRS specifically denies that Plaintiff has suffered any actual damages; however if such damages do exist, defendant asserts that such actual damage claims are subject to the defense of failure to mitigate.

## SEVENTH DEFENSE

Any technical violation of the FDCPA was not material and therefore not actionable.

## EIGHTH DEFENSE

MRS asserts that Plaintiff lacks standing and subject matter jurisdiction.

## NINTH DEFENSE

MRS asserts that Plaintiff will not be able to meet the stringent requirements of FRCP 23.

## TENTH DEFENSE

Upon information and belief, Plaintiff's claims are governed by a binding arbitration agreement and are also subject to a binding class waiver agreement.

**WHEREFORE,** MRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits; and,

2. Awarding MRS such other and further relief as the Court deems just and equitable.

MOSS & BARNETT

Dated: January 30, 2018

By /s/ Michael T. Etmund
Michael T. Etmund, NY REG # 5168331
150 South Fifth Street
Suite 1200
Minneapolis MN 55402-4129
Telephone: (612) 877-5000

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2018, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

> Daniel Cohen, Esq.
> Daniel Cohen, PLLC
> 300 Cadman Plaza W, 12th Floor
> Brooklyn, NY 11201
> dan@dccohen.com

/s/ Michael T. Etmund
Michael T. Etmund
